UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES,

    Plaintiff,

    v.

JOEL MANUEL RIVERA-CLEMENTE (1),

JOSEAN CLEMENTE (2),

    Defendants.

Criminal No. 11-499 (JAF)

**OPINION AND ORDER**

Defendants Joel Manuel Rivera-Clemente and Josean Clemente-Mora (together, "Defendants") jointly file a motion asking the Court to bar the government from seeking the death penalty in this case. (Docket No. 117.) The government opposes Defendants' motion. (Docket No. 124.) After careful review of the parties' submissions, we find that the position taken by Defendants' counsel in this case is entirely accurate. (Docket Nos. 117; 125.) We therefore grant Defendants' motion. (Docket No. 117.)

As a matter of fact, the production of the unredacted copies of reports of the investigation, including the April 30, 2012 report, were produced only after the Court practically forced the government's attorney to disclose them to the Court and in turn to counsel. (Docket Nos. 87; 88; 93; 98; 99; 103; 104; 106; 108.)

The record shows a troubling reluctance to disclose information very relevant to the DOJ death penalty certification process, in which Defendants' counsel have the burden of convincing the DOJ not to certify the case as a death penalty prosecution. The prosecutor's reluctance to disclose this information has forced the court to extract the information in bits

Criminal No. 11-499 (JAF)                                                                                           -2-

and pieces from the prosecutor. The prosecutor does not seem to understand that the death penalty certification process requires almost open-file discovery when it comes to aggravating and mitigating circumstances, as well as Brady-related material. As a matter of principle, I will not allow anyone to reinterpret an Order of the Court to its convenience or deny by restrictive interpretation Brady-related discovery. This is especially true in a death penalty case, where the Court has struggled with the government's attorney to have discovery released, in pulling teeth fashion.

I will not reschedule any aspect of this case or grant more time or extend terms on account of Brady violations. Because of the same, the only viable remedy that protects the dignity of the process and the rights of a death penalty eligible defendant is decertification.

The First Circuit has held that a district court's decision to strike a Notice must be based on a finding of prejudice. United States v. Lopez-Matias, 522 F.3d 150, 154 (1st Cir. 2008) (internal citations omitted). In this case, Defendants have persuasively argued for a finding of prejudice. (Docket No. 117.) Specifically, Defendants argue that the prosecutor's repeated delays and failures to comply with the court's orders have prejudiced their ability to investigate a crime that is now almost a year old. Id. at 6. We agree that the prosecutor's failure to provide timely and full disclosure of "all" of the statements of KTSD has caused prejudice to Defendants. See Doggett v. United States, 505 U.S. 647, 658 n.4 (1992) (finding that prosecutor's pretrial delay may impair defendant's ability to defend himself). Moreover, in a death penalty case, "where the stakes are so high, a smaller quantum of prejudice may justify a sanction." Lopez-Matias, 522 F.3d at 154. And because "striking the Notice is not quite as serious as dismissing the indictment all together . . . perhaps still less prejudice is required." Id. Here we believe that the prejudice caused to

Defendants by the prosecutor's conduct easily passes the threshold required to bar the government from seeking the death penalty.

For the foregoing reasons, the Court bars the government from prosecuting this case as a death penalty case. In the case of an appeal, I will not continue the terms of the previously ordered scheduling and will allow learned counsel to participate in the appeal process. When that is finished, Mr. Martin and Mr. Adams will be released from further representation obligations, and Mr. Vega-Pacheco and Mr. Lincoln will conclude the case by trial or otherwise, unless the Court of Appeals reverses our decision on this sanction.

## IV.

## Conclusion

For the foregoing reasons, the government will be barred from prosecuting this case as a death penalty case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of September, 2012.

```
                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              United States District Judge
```